858 So.2d 156 (2003)
Joseph Darnell PEYTON, Appellant,
v.
STATE of Mississippi, Appellee.
No. 2002-KA-00924-COA.
Court of Appeals of Mississippi.
September 30, 2003.
*157 Kellie Williamson Koenig, Greenville, James (Jay) R. Foster, Oxford, Attorneys for Appellant.
Office of the Attorney General by Jeffrey A. Klingfuss, Attorney for Appellee.
Before SOUTHWICK, P.J., THOMAS and IRVING, JJ.
THOMAS, J., for the Court.
¶ 1. Joseph Darnell Peyton was convicted in the Circuit Court of Harrison County of armed robbery and sentenced as an habitual offender to thirty-five years in the custody of the Mississippi Department of Corrections. Aggrieved, he asserts the following issues on appeal:
I. THE TRIAL ATTORNEY FOR THE APPELLANT WAS INEFFECTIVE AS COUNSEL.
II. THE EVIDENCE PRESENTED AT TRIAL WAS NOT SUFFICIENT.
III. THE TRIAL JUDGE ERRED IN NOT ALLOWING IN EVIDENCE OF THE STATEMENT OF MICHAEL MARTISHIUS AND/OR ALLOWED THE TRIAL ATTORNEY TO ASK THE INVESTIGATING OFFICERS ABOUT IT.
¶ 2. Finding no error, we affirm.

FACTS
¶ 3. The Pat O's liquor store in Biloxi was robbed on March 1, 2001, by a large man dressed as a woman who pulled a gun after coming to the counter as if to buy a bottle of vodka. The clerk pushed the silent alarm button and then complied with his demands, giving the thief the store's cash and the bottle of vodka. The clerk noticed the thief leaving in a red car. A few minutes later, the police pulled over a small red car being driven by a friend of Peyton with Peyton in the passenger seat.
¶ 4. The driver of the car, Shari Thompson, was arrested along with Peyton. She described the women's clothing Peyton had been wearing and police retrieved them that same day. A grand jury later declined to indict Thompson. Approximately two weeks after the arrest, however, Thompson gave a sworn statement to police describing the events of March 1, 2001. She stated she had helped Peyton dress in women's clothing because he told her they were going to a gay bar. On the way to the bar, she stopped at a convenience store near Pat O's to purchase a soft drink for herself and a beer for Peyton. When Thompson returned to the car, Peyton was not in it. After a couple of minutes, Peyton came running around the corner, jumped into the car and told Thompson to "Go, go, go!" Peyton removed the items of women's clothing and threw them out of the car window along with a handgun.
¶ 5. Both Thompson and Peyton testified at trial. Thompson's testimony was as she had reported in her statement to police. Peyton contradicted Thompson. He claimed to have been driving around town with a man named Richard whom he had recently met and whose last name he did not know. Richard's car overheated in a subdivision and Peyton borrowed Richard's cellular phone to call Thompson for a ride although he did not know precisely where he was. When Thompson arrived to pick him up, she was screaming hysterically that her friend had just robbed a store and then began throwing women's clothing from the car.
¶ 6. The jury found Peyton guilty of armed robbery and this appeal followed.

*158 ANALYSIS
1. Ineffective assistance of counsel
¶ 7. In his first assignment of error, Peyton argues his trial counsel was ineffective and he is entitled to a new trial. Peyton bases this error upon an alleged admission of deficient performance by trial counsel as well as that attorney's failure to subpoena any witnesses. Peyton claims he was prejudiced by this failure.
¶ 8. Claims of ineffective assistance of counsel are analyzed by a two-part inquiry: (1) whether counsel's performance was deficient; and (2) whether that deficiency prejudiced the defendant. Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). The first prong is evaluated by whether or not counsel's legal representation fell outside objectively measured boundaries of reasonableness. Id. at 687-88, 104 S.Ct. 2052. The second is measured by whether the trial outcome would have been different but for counsel's deficient performance. Cole v. State, 666 So.2d 767, 775 (Miss.1995).
¶ 9. The alleged admission of deficiency occurred on the morning of the trial during the State's motion to exclude the testimony of an alibi witness, notice of which was not served upon the State until the prior afternoon. Trial counsel acknowledged she bore responsibility for the late notice but requested the testimony be admitted nonetheless. Counsel did state later in the discussion that if the testimony were excluded, her representation of Peyton would have been ineffective. Before the court could rule, the State withdrew its objection to the testimony.
¶ 10. There are no other entries in the record of any form of admission of deficient performance by trial counsel. Neither was this single exchange such an admission. Counsel noted that if the testimony was excluded, she would have been deficient but the testimony was not so excluded. The event which would have precipitated an admission of ineffective assistance never occurred.
¶ 11. Although Peyton alleges his counsel was ineffective for failing to subpoena witnesses, he does not claim injury by the failure to place the alibi witness on the stand. Instead, he alleges that counsel should have issued a subpoena to Michael Martishius, a bystander in the area of the robbery at the time it occurred.
¶ 12. Martishius was unavailable as a witness at trial but he had given a statement to police at the time of the robbery. The trial court ruled the unsworn statement inadmissible hearsay. Peyton asserts the substance of Martishius' statement was critical to his defense because it contradicted Shari Thompson's account of events in material ways. Specifically Peyton claims that, "[b]ecause Shari Thompson places Peyton at the scene of the crime around the time of the robbery," it was therefore deficient performance by trial counsel requiring reversal to fail to assure Martishius' presence at trial.
¶ 13. Although Peyton was not permitted to introduce the statement at trial, he did make a proffer outside the jury's presence as to the content of the statement. Martishius told police he had seen a red car pull to the curb near the liquor store, a man get out, jump across the ditch, go into the liquor store then run back out some little time later and the car drive away. Martishius said he initially thought there was only one person in the car but later realized there were two, he thought the man had been driving and he thought the license plate was obscured by a paper bag. Martishius was later taken to view Thompson's car and he identified it as the one he had seen parked near the liquor store.
*159 ¶ 14. Thompson had testified she had been driving and she parked on a street different than that identified by Martishius. There was also a discrepancy in the color of sweater Thompson said Peyton was wearing and the one Martishius identified the running man as wearing. None of these small discrepancies on collateral matters in any way cast doubt upon Thompson's placement of Peyton at or near the scene of the robbery at the time it occurred. Assuming Martishius would have testified in consonance with the statement given police, we cannot see that it would have significantly altered the outcome of this trial. Failing to issue a subpoena to Martishius cannot have prejudiced Peyton.
2. Sufficiency of the evidence
¶ 15. Peyton next argues the evidence presented was insufficient to sustain his conviction. He points to the fact that no witness actually identified him as the perpetrator as proof of the insufficiency of the evidence.
¶ 16. In testing an allegation of insufficient evidence, we look at the evidence in the light most favorable to the State and the reasonable inferences to be drawn from that evidence. McClain v. State, 625 So.2d 774, 778 (Miss.1993). We will reverse only where, with respect to one or more elements of the crime charged, no reasonable and fair-minded jury could have found the defendant guilty. Wetz v. State, 503 So.2d 803, 808 (Miss.1987).
¶ 17. The store clerk did not identify Peyton. She did, however, describe him and the female clothing he was wearing and identified the clothing found by police as the same the robber was wearing. This description is born out by a store security videotape of the robbery. Shari Thompson likewise described the clothing and the geographic location where Peyton had thrown them from her car, the areas where police later found the clothing described. Thompson admitted driving Peyton, in the women's clothing, to the vicinity of the liquor store, and a bottle of vodka of the same size and brand stolen from the store was found in the back seat of Thompson's car. These facts are sufficient to create a circumstantial case of Peyton's guilt. The verdict was not unreasonable and this assignment of error is without merit.
3. Exclusion of Martishius' statement
¶ 18. In the final argument, Peyton alleges error on the part of the trial court in excluding the statement of witness Michael Martishius to police. At trial, Peyton attempted to cross-examine Investigator Michael Brown about the contents of the statement. Martishius was deemed an unavailable witness as he was then an in-patient at a rehabilitation facility and the court found no applicable exceptions to the hearsay rule.
¶ 19. Admissibility of evidence is a matter largely left to the discretion of the trial court, subject to the requirements of the Mississippi Rules of Evidence. Parker v. State, 606 So.2d 1132, 1136 (Miss.1992). We reverse evidentiary rulings only where the lower court abuses its discretion, resulting in prejudice to the defendant. Id.
¶ 20. Peyton argued at trial and again here on appeal that he did not seek to have the contents of Martishius' statement offered for their truth but rather to show the course of Brown's investigation. The trial court disagreed and proceeded to carefully explain why none of the hearsay exceptions applied, including the "catch-all" exception of Mississippi Rule of Evidence 804(b)(5). The court found the statement lacked the necessary indicia of trustworthiness, was not probative of a material fact but offered solely for impeachment, and *160 Peyton did not comply with the rule's notice requirement.
¶ 21. We cannot disagree with the trial court, particularly in light of the admission by trial counsel that use of the statement was intended for the specific purpose of contradicting Shari Thompson's testimony. That is impeachment. Further review of the transcript shows the impeachment would have centered only on collateral matters-whether the red car was parked on the street in front of the store or the street to the side of it, whether the license plate was obscured, what color sweater the running man was wearing. Martishius never claimed to have witnessed the robbery, he never identified-or excluded-Peyton as the robber, he merely saw a man get out of a red car then come back later, get in the car and drive away. None of the information the statement may have provided contradicted Thompson's testimony in any significant manner such that the interests of justice demand our finding an abuse of discretion.
¶ 22. THE JUDGMENT OF THE CIRCUIT COURT OF HARRISON COUNTY OF CONVICTION OF ARMED ROBBERY AND SENTENCE OF THIRTY-FIVE YEARS AS AN HABITUAL OFFENDER IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS IS AFFIRMED. COSTS OF THIS APPEAL ARE ASSESSED TO HARRISON COUNTY.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., BRIDGES, LEE, IRVING, MYERS, CHANDLER AND GRIFFIS, JJ., CONCUR.